Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4825 | **DATE** | 5/27/2003 |
| **CASE TITLE** | Thomas Saniat vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motions to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum, Defendant City of Chicago's Motion to Dismiss [Doc #15] and Defendant E.A.R. Towing's Motion to Dismiss pursuant to Rule 12(b)(6) [Doc #23] are granted. All other pending motions are moot and terminated. This case is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | **3** | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 2 8 2003 | |
| | Notified counsel by telephone. | | date docketed | **25** |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. mailed 5-27-03- Parg | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5-27-03 | |
| | | | date mailed notice | |
| jar/lc | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS SANIAT | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 02 C 4825 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| CITY OF CHICAGO, et al., | ) |
| | ) |
| Defendants. | ) |

MAY 2 8 2003

## MEMORANDUM OPINION AND ORDER

Before this Court are Defendant City of Chicago's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Defendant E.A.R. Towing Company's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 4(m).

### Factual and Procedural Background

On July 9, 2001, Plaintiff Thomas Saniat ("Plaintiff" or "Saniat") participated in two hearings before an Administrative Law Officer regarding the towing of two of his vehicles. According to the findings, decision and order of the Administrative Law Officer, the vehicles were towed pursuant to sections 9-80-110 and 9-92-030(d) of the Chicago Municipal Code. Section 9-80-110 of the code provides rules governing the towing and associated fines for abandoned vehicles. Section 9-92-030(d) of the code provides further authority for the police or the streets and sanitation department to impound abandoned vehicles. In both cases, the Administrative Law Officer found that the city had not established its burden of proof that the towing of Saniat's vehicles was authorized under the code. The Officer ordered that the city

1



must release the vehicles to Saniat at no cost.

On July 9, 2002, Saniat filed a handwritten pro se complaint against the City of Chicago, E[nvironmental] A[uto] R[esponse] Towing, E.R. Towing, E & R Towing, and John Does number one through four. The complaint alleges that the towing of his two vehicles was a violation of his due process rights under the U.S. Constitution and the Illinois Constitution because he did not receive sufficient notice. Both of the vehicles were registered with the State, had state vehicle identification numbers, and current Illinois license plates. (Pl. Comp. ¶ 6). According to the complaint, an employee of the City ordered an immediate tow of Saniat's vehicles. (Pl. Comp. ¶ 4). The tow truck driver then removed some items and parts from one of the vehicles and "deposited those personal goods and vehicle parts on the sidewalk and street to be lost to the Plaintiff." (Pl. Comp. ¶ 5).

According to the Plaintiff's Complaint, when the vehicles were impounded, E.A.R. Towing did not follow the proper identification procedures. (Pl. Comp. ¶ 7). This made it more difficult for Plaintiff to learn the whereabouts of his vehicles. When Plaintiff learned the whereabouts of his vehicles, he discovered that many of his personal belongings had been taken from the vehicles.

The Complaint alleges that the towing of his vehicles without notice violates his rights under the Due Process Clause of the Fourteenth Amendment. Defendant City has moved to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant E.A.R. Towing has moved to dismiss the Complaint for two reasons: failure to state a claim pursuant to Rule 12(b)(6) and for failure to properly serve the Complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

# DISCUSSION

## I. Dismissal Pursuant to Rule 4(m)

Rule 4 of the Federal Rules of Civil Procedure sets forth the requirements for serving the Summons upon opposing parties. The Rule establishes that service must be accomplished "within 120 days after the filing of the complaint." Fed. R. Civ. Pro. 4(m). If the Complaint is not served within that time period, the Court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . . ."

Defendant E.A.R. Towing believes that this sets up a mandatory dismissal provision if the Complaint is not served within 120 days. This is not so. By the explicit language of the rule, the Court retains discretion to "direct that service be effected within a specified time." In this case, that is exactly what occurred. The pro se Plaintiff's application to proceed without prepayment of fees was granted on August 7, 2002. The Summons was properly issued on August 8, but for reasons unknown, the U.S. Marshals Service was unable to effectuate service on Defendant E.A.R. Towing. On January 6, 2003, which was after the 120 days for service, the Court ordered the Marshals Service to effectuate service within 30 days. On January 16, 2003, Defendant E.A.R. Towing accepted service via mail.

Although service of the Summons in this case did occur outside of the 120 days allowed in Rule 4(m), the Court recognized in January that the Plaintiff was not responsible for the failure to serve this Defendant. Defendant E.A.R. Towing's Motion to Dismiss pursuant to Rule 4(m) is denied.

## II. Dismissal Pursuant to Rule 12(b)(6)

Rule 12(b) of the Federal Rules of Civil Procedure allows certain defenses to be pled by

3

motion in advance of answering the complaint. Although there are seven defenses listed in Rule 12(b), the most common, by far, is the defense numbered six—"failure to state a claim upon which relief can be granted."

Because the Motion to Dismiss pursuant to Rule 12(b)(6) is filed very early in the litigation, the standard for dismissal is very difficult to meet. When evaluating these motions, the Court accepts all well-pleaded factual allegations of the Complaint as true, drawing all reasonable inferences in Saniat's favor. Marshall-Mosby v. Corporate Receivables, Inc., 205 F.3d 323, 326 (7th Cir. 2000). No claim will be dismissed unless it is clear that there is no set of facts that could support relief for the Plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Saniat's Complaint asserts a cause of action under 42 U.S.C. § 1983 for a violation of his rights under the Due Process Clause. In order to state a violation of the Due Process Clause, Saniat's Complaint must allege three things: (1) he was deprived of a life, liberty, or property interest; (2) state actors caused the deprivation; and (3) the deprivation occurred without due process of law. Saniat's Complaint clearly alleges the first two elements when it asserts that his vehicles were seized upon the order of the city. Even though his property was returned to him (albeit in a damaged state), the temporary deprivation of property rights, if it were accomplished without Due Process, would violate Saniat's rights.

If the Court were addressing a case of first impression, Saniat's Complaint would sufficiently allege the third element as well, that the deprivation occurred without due process. However, this is not the first time that a plaintiff in this Court has challenged the City of Chicago's policies relating to the towing of vehicles as a violation of the Due Process Clause.

4

See Gable v. City of Chicago, 296 F.3d 531 (7th Cir. 2002); Ernst v. City of Chicago, 63 F. Supp. 2d 908 (N.D. Ill. 1999). In Gable, a group of vehicle owners whose vehicles had been damaged or destroyed after being towed to city impoundment lots filed a class action suit, alleging that the city's towing policies violated the Due Process Clause.

Saniat's Complaint in this case is extremely similar to the situation of the class plaintiffs in Gable. In Gable, the Seventh Circuit held that the City of Chicago's towing policies do not violate the Due Process Clause. Gable, 296 F.3d at 540–41. Adhering to the Supreme Court's decision in Parratt v. Taylor, 451 U.S. 527, 543–44 (1981), the Seventh Circuit held that there was no violation of the Due Process Clause even if the Plaintiff's vehicles had been destroyed (as some were in Gable), so long as the Plaintiff had an adequate post-deprivation remedy. The prompt post-deprivation hearing that the City provides to people whose vehicles have been towed satisfies the requirements of Due Process. Gable, 296 F.3d at 540; see also Ernst, 63 F. Supp. 2d at 912. Saniat availed himself of those procedures and successfully challenged the validity of the towing of his vehicles. The Due Process Clause does not require the city to establish any further procedures for the towing of vehicles.

Saniat still seeks a remedy for the damage done to his vehicles by the unauthorized towing. In the absence of a constitutional violation, those damages can not be remedied through an action under 42 U.S.C. § 1983. The Seventh Circuit held that the state tort remedies under bailment and replevin theories are adequate to compensate for any damage to the plaintiffs property. Gable, 296 F.3d at 540.

The Seventh Circuit's decision in Gable forecloses any possibility of relief for Saniat on his constitutional theory. Therefore, both Defendants' Motions to Dismiss pursuant to Rule

12(b)(6) must be granted.

## CONCLUSION

For the reasons stated in this opinion, Defendant E.A.R. Towing Company's Motion to Dismiss pursuant to Rule 4(m) is denied and both Defendants' Motions to Dismiss pursuant to Rule 12(b)(6) are granted.

**Enter:**

_____
David H. Coar
**United States District Judge**

**Dated: May 27, 2003**